# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARLENE CANCIENNE** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 18-7934** |
| **BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM, AS THE GOVERNMENTAL ENTITY RESPONSIBLE FOR NICHOLLS STATE UNIVERSITY** | **SECTION: "G"** |

## ORDER

Pending before the Court are Defendant the Board of Supervisors for the University of Louisiana System's ("Defendant") Motion to Dismiss[1] and Motion to Stay pending the Court's decision on the Motion to Dismiss.[2] In this litigation, Plaintiff Darlene Cancienne ("Plaintiff") alleges that she was wrongfully fired by Defendant in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and the Americans with Disabilities Act ("ADA").[3] In the instant Motion to Dismiss, Defendant argues that this Court should dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(4)–(5) for insufficient service of process.[4] Having considered the motions, the memoranda in support and in opposition, and the applicable law, the Court will deny the Motion to Dismiss without prejudice and deny the Motion to Stay as moot.

---

[1] Rec. Doc. 9-1.

[2] Rec. Doc. 20-1.

[3] Rec. Doc. 1.

[4] Rec. Doc. 9-1.

1

# I. Background

*A.     Factual Background*

According to the Complaint, Plaintiff worked as an "Administrative Coordinator 3" employed by Defendant at Nicholls State University from March 5, 2005 until December 9, 2009.[5] Plaintiff alleges that in November 2006, she suffered a knee injury at work and that as a result, she was unable to perform the essential functions of her job.[6] Plaintiff alleges that Defendant failed to reasonably accommodate her, resulting in the exhaustion of her sick days and subsequent firing on December 9, 2009.[7] Plaintiff alleges that Defendant's failure to accommodate her and her subsequent firing were due in "substantial part" to her age.[8]

*B.     Procedural Background*

Plaintiff filed a Complaint in this Court on August 20, 2018, alleging Defendant wrongfully terminated her in violation of ADEA and the ADA.[9] On October 10, 2018, Defendant filed the instant Motion to Dismiss Plaintiff's claims.[10] Plaintiff filed an opposition to the motion to dismiss on October 30, 2018.[11] On February 14, 2019, Defendant filed a Motion to Stay pending the Court's decision on the Motion to Dismiss.[12]

---

[5] *Id.* at 3.

[6] *Id.*

[7] *Id.* at 4-5.

[8] Id. at 8.

[9] *Id*. at 1.

[10] Rec. Doc. 9-1.

[11] Rec. Doc. 15.

[12] Rec. Doc. 20-1.

## II. Parties' Arguments

*A.     Defendant's Arguments in Support of the Motion to Dismiss*

In the motion to dismiss, Defendant argues that Plaintiff's claims should be dismissed with prejudice as Defendant is an "arm of the State of Louisiana" and is entitled to Eleventh Amendment immunity from suit.[13] Defendant argues that the Eleventh Amendment to the United States Constitution "bars an action for monetary damages by a private individual in federal court against a sovereign state and its agencies unless specifically abrogated by Congress."[14] Defendant asserts that as the Board of Supervisors for the University of Louisiana System, it is a "body corporate created to supervise and manager member institutions, and has a right to sue and be sued relative to its member institutions", therefore it is an arm of the State of Louisiana and is entitled Eleventh Amendment immunity.[15]

Furthermore, Defendant argues that "Congress did not, through its passage of either the ADA and/or the ADEA, abrogate the sovereign immunity of States from liability resulting from alleged violations thereof."[16] In support, Defendant cites *Kimel v. Florida Board of Regents*, in which the Supreme Court of the United States stated that in enacting the ADEA, "Congress did not validly abrogate the States' sovereign immunity to private individuals."[17] Similarly, Defendant cites the Supreme Court case, *Board of Trustees of University of Alabama v. Garrett*, to show that the Eleventh Amendment also bars private money damages against states for violation of Title I

---

[13] Rec. Doc. 9-1 at 5.

[14] *Id*.

[15] *Id.*

[16] *Id*. at 8.

[17] *Id*. at 6 (citing *Kimel v. Florida Board of Regents*, 528 U.S. 62, 91 (2000)).

3

of the ADA.[18] Defendant also cites a case from the Eastern District of Louisiana, in which the court stated that "the reasoning in *Garrett* 'necessarily applies' to retaliation claims brought pursuant to Title V of the ADA."[19]

In the alternative, Defendant claims that it was not properly served in accordance with Louisiana Revised Statute §§ 13:514(A) and 39:1538(4).[20] Therefore, Defendant argues that the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(4)–(5) for insufficient process and/or service of process.[21]

### B.   *Plaintiff's Arguments in Opposition to the Motion to Dismiss*

In opposition, Plaintiff alleges that under Title II of the ADA, this Court has subject matter jurisdiction over these claims.[22] Plaintiff asserts that she meets the definition of a "qualified individual with a disability" under Title II of the ADA, which entitles her to protection from "[exclusion] from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[23] Plaintiff argues that the ADA defines "pubic entity" as "any State or local government" and "any department, agency…or other instrumentality of a State."[24] Plaintiff asserts the Supreme Court has held that in regards to Title II, "[a] State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in [a] Federal or State court of competent jurisdiction for a violation

---

[18] *Id.* (citing *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 536, 360 (2001)).

[19] *Id. (*citing *Worley v. Louisiana*, 2012 WL 218992, at *3-4 (E.D. La. 2012) (Lemmon, J)).

[20] *Id*. at 8.

[21] *Id*.

[22] Rec. Doc. 15 at 3.

[23] *Id.*

[24] *Id*. at 4.

4

of this chapter."[25] Plaintiff asserts that she has brought her complaint under the ADA and in the appropriate forum, thus she has the right to pursue her claim.[26]

In opposition, Plaintiff also alleges there is a Title VII claim under the Civil Rights Act of 1964 and that Congress has abrogated immunity for this claim.[27]

### III. Legal Standard

*A.  Standard on a Rule 12(b)(1) Motion to Dismiss*

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by the Constitution and statute."[28] Thus, under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[29] In ruling on a Rule 12(b)(1) motion to dismiss, a court may rely on: (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts.[30] The plaintiff, as the party asserting jurisdiction, has the burden of proving subject matter jurisdiction by a preponderance of the evidence.[31]

"The Eleventh Amendment grants a State immunity from suit in federal court by citizens

---

[25] *Id.* (citing *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001)).

[26] *Id.*

[27] *Id.* at 2–3.

[28] *Kokkonen v. Guardian Life. Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[29] *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1000 (5th Cir. 1998) (internal citation omitted).

[30] *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). *See also Willliamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

[31] *See Vantage Trailers, Inc. v. Veall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (internal citations omitted).

of other States, and by its own citizens as well."[32] A state's immunity from suit under the Eleventh Amendment "is not absolute," however, and "a state may waive its immunity by voluntarily consenting to suit."[33] "A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment."[34]

## B.     *Standard on Insufficient Service of Process*

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of an action for insufficient service of process. When service of process is challenged, the party responsible for effecting service must bear the burden of establishing its validity.[35] Federal Rule of Civil Procedure 4 governs service of process generally, and Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court... must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service.[36]

The burden is clearly on the plaintiff to show good cause as to why service was not effected timely,[37] and the plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules

---

[32] *Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 622 F.3d 336, 240 (5th Cir. 2011).

[33] *Id.* (internal citations omitted).

[34] *Pennhurst State Sch. & Hosp. v. Haldermann*, 465 U.S. 89, 121 (1984).

[35] *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).

[36] Rule 4(m) was amended on December 1, 2015 to shorter the time for service from 120 days to 90 days.

[37] *McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993).

usually does not suffice."[38] Nonetheless, a court has discretion under Rule 4(m) to extend the time for service even in the absence of good cause.[39]

## IV. Analysis

Defendant asserts that it is an arm of the state of Louisiana and is thus immune under the Eleventh Amendment from Plaintiff's federal law claims.[40] Plaintiff responds that she is a "qualified individual" under the ADA working for a "government entity" and that Congress has abrogated sovereign immunity for claims under Title II of the ADA.[41]

The Eleventh Amendment bars an action for monetary damages by a private individual in federal court against a sovereign state and its agencies and officials.[42] An exception applies where sovereign immunity is specifically abrogated by Congress pursuant to its legal authority under Section V of the Fourteenth Amendment or by consent of the State.[43] Though the language of the Eleventh Amendment does not specifically address suits against the State by its own citizens, the Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal court by her own citizens as well as citizens of other States."[44] The scope of the Eleventh

---

[38] *Gartin v. Par Pharm. Cos. Inc.*, 289 Fed.Appx. 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

[39] *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013); *see also Newby v. Enron Corp*., 284 Fed.Appx. 146, 149 (5th Cir. 2008).

[40] Rec. Doc 9-1 at 5.

[41] Rec. Doc. 15 at 3.

[42] *Seminole Tribe of Florida v. Florida, et al*., 517 U.S. 44 (1996); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000).

[43] *Id.*

[44] *Edelman v. Jordan*, 415 U.S. 651, 662-63, (1974) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890).

Amendment extends to actions against state agencies or entities that are classified as "arms of the state."[45]

The Fifth Circuit has taken a "case-by-case approach" to determining whether a state agency or entity is considered an arm of the state.[46] In particular, the Fifth Circuit has said that "[a] federal court must examine the particular entity in question and its powers and characteristics as created by state law to determine whether the suit is in reality a suit against the state itself."[47] The Fifth Circuit has identified six factors that guide its determination of whether an entity is an arm of the state:

(1) whether the state statutes and case law characterize the agency as an arm of the state;

(2) the source of the funds for the entity;

(3) the degree of local autonomy the entity enjoys;

(4) whether the entity is concerned primarily with local, as opposed to state-wide problems;

(5) whether the entity has authority to sue and be sued in its own name; [and]

(6) whether the entity has the right to hold and use property.[48]

Applying these factors, in *Richardson v. Southern University*, the Fifth Circuit held that the board of supervisors for Southern University, a public university, "qualify as an arm of the State of Louisiana and, as such, are entitled to Eleventh Amendment Immunity."[49] Likewise, in *Board of Trustees of University of Alabama v. Garrett*, the Supreme Court held that the University

---

[45] *Regents of the University of Ca. v. John Doe*, 519 U.S. 425, 429 (1997).

[46] *Richardson v. Southern University*, 118 F.3d 450, 453 (5th Cir. 1997).

[47] *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 874 (5th Cir.) (internal quotation omitted).

[48] *Richardson*, 118 F.3d at 453.

[49] *Id.* at 452 (citing *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 (5th Cir.1991)).

of Alabama Board Of Trustees was protected under the Eleventh Amendment from suit under the ADA as it is an entity of the State of Alabama.[50]

Here, Defendant is the Board of Supervisors for the University of Louisiana System. Based on previous decisions concerning boards of public universities noted herein, Defendant is considered an arm of the State of Louisiana and entitled to Eleventh Amendment sovereign immunity from suit unless specifically waived by the state or abrogated by Congress. Plaintiff does not contest that the Board of Supervisors for the University of Louisiana System is an arm of the state.[51] Further, there is no indication that the State of Louisiana waived immunity in this case. Rather, Plaintiff argues that Congress abrogated immunity.[52]

To abrogate immunity, Congress must have (1) "unequivocally expresse[d] its intent to abrogate the immunity", and (2) acted "pursuant to a valid exercise of power." [53] Regarding the two federal statutes in question, the ADA and the ADEA, Congress has not "unequivocally expressed" its intent to abrogate state's immunity.

Congress enacted the ADA in 1990 to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and includes regulations on a vast expanse of activities including employment.[54] In *Board of Trustees of University of Alabama v. Garrett*, the Supreme Court held that a private individual may not sue a

---

[50] 531 U.S. 356, 363-365 (2001).

[51] *See generally* Rec. Doc. 15.

[52] Rec. Doc. 15 at 3.

[53] *Green v. Mansour*, 475 U.S. 64, 68, 106 S.Ct. 423, 426, 88 L.Ed.2d 371 (1985).

[54] 42 U.S.C. 12101(b)(1) (1994).

9

State or State agency to enforce the employment discrimination protections in Title I of the ADA.[55] However, the Court held that private individuals may sue state officials in their official capacity as long as the private individuals do not seek money damages.[56] Further, courts in the Fifth Circuit have also held that "the reasoning in *Garrett* 'necessarily applies' to retaliation claims brought pursuant to Title V of the ADA that are predicated on violations of Title I."[57]

Here, Plaintiff seeks damages under Title I of the ADA for unlawful discrimination and Title V of the ADA for retaliation predicated on violations of Title I.[58] Plaintiff brings these claims as a private individual against a Board of Supervisors as an entity, not the individual board members in their official capacity.[59] Therefore, Plaintiff's ADA claims are barred by the Eleventh Amendment, and this Court lacks subject matter jurisdiction on the ADA claims.

Plaintiff claims immunity has been abrogated under Title II of the ADA.[60] However, Plaintiff does not bring claims under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[61] Plaintiff was not denied participation in services, programs,

---

[55] 531 U.S. 356.

[56] *Id.* at 374.

[57] *Worley v. Louisiana*, 2012 WL 218992 at *4 (E.D.La. 2012), quoting *Demshki v. Monteith*, 255 F.3d 986, 988–89 (9th Cir. 2001); *see also Johnson-Blount v. Board of Supervisors for Southern University*, 994 F.Supp.2d 780, 784 (M.D.La. 2014).

[58] Rec. Doc. 1 at 6–9.

[59] *See id.* at 1.

[60] Rec. Doc. 15 at 3.

[61] 42 U.S.C. § 12131(2)

or activities, instead Plaintiff claims she was denied employment, which is protected under Title I and for which Congress has not abrogated the State's sovereign immunity.[62]

Defendant is also entitled to sovereign immunity with respect to Plaintiff's ADEA claims. In *Kimel v. Florida Board of Regents*, the United States Supreme Court expressly held that in enacting the ADEA, "Congress did not validly abrogate the States' sovereign immunity to private individuals."[63] As the Plaintiff is a private individual bringing a suit against an arm of the State of Louisiana under the ADEA, these claims are barred by sovereign immunity.

In the alternative, Defendant raises that argument that service of process may have been insufficient and the claims should be dismissed on these grounds. As the Court finds that the claims are barred by sovereign immunity, the Court declines to decide whether service of process was proper.

Plaintiff also states in her opposition that the Court has subject matter jurisdiction over Plaintiffs claims under Title VII, but these allegations are not in the pleadings, and Plaintiff provides no further explanation for these claims, so the Court will not consider them in this motion.[64] However, because complete dismissal is a harsh remedy, the Court will give the Plaintiff leave to amend the complaint to properly plead this claim, if possible.[65]

### IV. Conclusion

For the foregoing reasons, the Court grants the Motion to Dismiss with regard to all of Darlene Cancienne's claims against Defendants Board of Supervisors for the University of

---

[62] *See* Rec. Doc. 9-1 at 3–5.

[63] 528 U.S. 62, 91 (2000).

[64] Rec. Doc. 15 at 3.

[65] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

Louisiana System because this Court does not have subject-matter jurisdiction over Darlene Cancienne's claims. The Board of Supervisors for the University of Louisiana System is an arm of the state and thus entitled to sovereign immunity. Further, Defendant has not waived immunity and Congress has not abrogated immunity for Plaintiff's Title I or Title V claims under the ADA or Plaintiff's ADEA claims. However, the Court will give Plaintiff leave to amend the complaint to include a Title VII claim, if possible. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss[66] is **DENIED WITHOUT PREJUDICE**. While Plaintiff's claims for wrongful termination and retaliation under the ADEA and ADA are barred, Plaintiff may be able to bring a Title VII claim if properly alleged. The Court will give Plaintiff fourteen days from the issuing of this order to amend the complaint to include a Title VII claim, if possible. If upon amendment, Plaintiff fails to provide sufficient factual support for each element of each claim, upon motion by a party, the Court will revisit the issue.

**IT IS FURTHER ORDERED** that Plaintiff is allowed to amend the complaint within fourteen days of this Order to add any additional Title VII claims, if applicable.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay[67] is **DENIED AS MOOT.**

**NEW ORLEANS, LOUISIANA,** this __3rd__ day of May, 2019.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[66] Rec. Doc. 9.

[67] Rec. Doc. 20.